UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

RONALD RAY FOLEY,

              Defendant.

_____/

Case No. 1:92-cr-109-01

Hon. Richard Alan Enslen

**<u>ORDER</u>**

      This matter is before the Court on Defendant Ronald Ray Foley's Petition for Writ of *Audita Querela*.[1]  On January 15, 1993, a jury found Defendant guilty of six counts of various offenses surrounding a conspiracy to manufacture methamphetamine.  On June 4, 1993, the Court sentenced Defendant to a custody term of 384[2] months, followed by ten years of supervised release, and a special assessment of $50.00.  Defendant's instant petition follows the exhaustion of appeal and this Court's denial of Defendant's Motion under 28 U.S.C. § 2255, as well as a Motion to Reconsider that denial.  Plaintiff United States of America has not answered the Petition for Writ of *Audita Querela*; nevertheless, the Court will deny the Petition.

      Defendant filed a Petition for Writ of *Audita Querela* seeking reduction of his custody sentence in light of the recent Supreme Court decision in *Booker v. United States*, 125 S. Ct. 738

---

[1]A writ of *audita querela* is brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since the rendition of judgment which could not be taken advantage of otherwise.  Black's Law Dictionary 120 (5th ed. 1979).

[2]Technically, the Court sentenced Defendant to terms of 384 months on Count One, 240 months on Count Four, and 60 months on each of Counts Two, Three, Five, and Seven. However, because those terms were ordered to run concurrently, 384 months is effectively the length of Plaintiff's sentence.

(2005).  The writ of *audita querela* is only available in extraordinary situations requiring relief unavailable under the controlling statute.  *See United States v. Logan*, 22 F. Supp. 2d 691, 694 (W.D. Mich. 1998) and cases cited therein.  Defendant has not made a sufficient showing that he is entitled to relief under said writ.  "One necessary condition is that a petitioner's objection may not be 'redressable pursuant to another post-conviction remedy.'" *Logan*, 22 F. Supp. 2d at 694 (citing *United States v. LaPlante*, 57 F.3d 252, 253 (2nd Cir.1995)).  Defendant's conviction and sentence have been properly affirmed before the Sixth Circuit Court of Appeals, and this Court has repeatedly denied Defendant's motions under 28 U.S.C. § 2255.  Defendant was provided a post-conviction remedy *via* section 2255, and successive collateral attacks on this Court's sentence are not permitted by a writ for *audita querela*.

Furthermore, Defendant is seeking retroactive application of *Booker* to his case. Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989). Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively, consistent with the determination of other circuit courts of appeals.  Furthermore, in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision. *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review).  Since Defendant did not have a case on

-2-

collateral review before the Sixth Circuit at the time *Booker* was decided, the *Booker* decision has

no effect on Defendant's case.  A more proper mode of redress would be through seeking permission

from the Court of Appeals to file a successive section 2255 motion.[3]

      **THEREFORE, IT IS HEREBY ORDERED** that Defendant Ronald Ray Foley's Petition

for Writ of *Audita Querela* (Dkt. No. 95) is **DENIED**.

Dated in Kalamazoo, MI:                  /s/Richard Alan Enslen
September 12, 2005                    Richard Alan Enslen
                                      Senior United States District Judge

---

[3]The Court has not interpreted the present Petition as a successive section 2255 motion given that it was addressed specifically to the legal niche occupied by the *audita querela* writ.